**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4596

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

HERIBERTO PEREZ, a/k/a Alexis Santana-Cruz,

        Defendant - Appellant.

No. 23-4597

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

HERIBERTO PEREZ, a/k/a Alexis Santana-Cruz,

        Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta C. Biggs, District Judge. (1:23-cr-00094-LCB-1; 1:23-cr-00012-LCB-3)

Submitted: May 30, 2024                                                             Decided: June 3, 2024

Before GREGORY and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Todd A. Smith, SMITH GILES PLLC, Graham, North Carolina, for Appellant. Graham Tod Green, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2005, Heriberto Perez pled guilty to three counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The court sentenced Perez to 192 months' imprisonment, followed by five years' supervised release.[1] In 2023, while on supervised release, Perez pled guilty, pursuant to a written plea agreement, to conspiracy to distribute fentanyl, in violation of 21 U.S.C. § 846, and distribution of fentanyl, in violation of 21 U.S.C. § 841(a), (b)(1)(A). Perez also admitted to violations of his conditions of supervised release based on this new criminal conduct and his reentry to the United States after he was removed. For the new criminal offenses, the district court sentenced Perez to 97 months' imprisonment, below the advisory Sentencing Guidelines range. The district court also revoked his supervised release and sentenced him to a within-Guidelines term of 60 months' imprisonment, to run consecutively to the sentence for the new criminal offenses. Perez appealed and counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Perez's guilty plea was valid and whether his sentence is reasonable. Perez has filed a pro se supplemental brief raising additional issues.[2]

---

[1] Perez was convicted and sentenced in the District Court for the District of Massachusetts. His sentence was later reduced to 188 months and, upon his arrest for violations of the terms of his supervised release, jurisdiction over his supervision was transferred to the district court.

[2] We have considered the issues raised in Perez's pro se brief and conclude that they lack merit.

3

A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pled guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). "A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity." *United States v. Paylor*, 88 F.4th 553, 560 (4th Cir. 2023) (cleaned up). Because Perez did not seek to withdraw his guilty plea in the district court, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). We have reviewed the record and conclude that Perez entered his guilty plea knowingly and voluntarily and that a factual basis supported the plea. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Discerning no plain error, we conclude that Perez's guilty plea was valid.

"We review the reasonableness of a [criminal] sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Guidelines range." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (cleaned up). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* "If the sentence 'is procedurally sound, [this]

4

court should then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). We afford a presumption of reasonableness to any sentence within or below a properly calculated Guidelines range. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record confirms the procedural reasonableness of Perez's sentence for his new criminal conduct. The court properly calculated the Guidelines range, provided the parties an opportunity to argue for an appropriate sentence, addressed the § 3553(a) factors, and explained the reasons for its sentence. Moreover, we conclude that Perez has not rebutted the presumption of reasonableness of the below-Guidelines sentence. We therefore further conclude that the sentence is substantively reasonable.

With respect to the revocation, a district court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). We review a district court's revocation decision for abuse of discretion and its factual findings underlying the revocation for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). We conclude that there was no error in the district court's decision to revoke Perez's supervised release based on his admission to the violations.

With respect to Perez's revocation sentence "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). Thus, we will "affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). When reviewing whether a revocation sentence is plainly unreasonable, we first determine "whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *id.* at 297 (internal quotation marks omitted), and the explanation indicates "that the court considered any potentially meritorious arguments raised by the parties," *United States v. Patterson*, 957 F.3d 426, 436-37 (4th Cir. 2020) (internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

We conclude that Perez's revocation sentence is both procedurally and substantively reasonable. When imposing its sentence, the district court correctly calculated the policy

6

statement range, considered the relevant statutory factors, imposed a sentence within the statutory maximum, gave sufficiently detailed reasons for its decision, and addressed Perez's arguments for a lesser sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgments. This court requires that counsel inform Perez, in writing, of the right to petition the Supreme Court of the United States for further review. If Perez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Perez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*